[No. 16694. Department One. January 23, 1922.]

ESTHER L. METZGER, *Appellant*, v. FRED W. METZGER, *Respondent*.[1]

DIVORCE (8-2, 37)—GROUNDS—FAILURE TO SUPPORT—EVIDENCE— SUFFICIENCY. The refusal of a divorce on the ground of failure to properly support a wife and child is proper, where the evidence shows there was no wilful disregard of such duty on the part of the husband, but only inability to make ample provision for their support, and, in some instances, the exercise of bad judgment in the expenditure of what limited resources he had.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 20, 1920, dismissing an action for divorce, tried to the court. Affirmed.

*D. R. Glasgow*, for appellant.

*W. A. White*, for respondent.

TOLMAN, J.—Appellant brought this action for divorce upon the ground of nonsupport. From a judgment denying her prayer for relief, she has appealed.

The parties were married in 1916, at which time the husband was earning $20 per week, later increased to $25. For the first year, and until their child was born, they subsisted on his earnings. Thereafter, because of frequent intervals of unemployment, moving about from place to place, the increased cost of living, and even less earnings by the husband during considerable

[1]Reported in 203 Pac. 936.

periods, the wife and child have been inadequately provided for. Without doubt, the husband exercised bad judgment ·in some instances in buying what, in their situation, must be considered luxuries, instead of food and clothing, which were then needed, or would be needed in the immediate future. The trial court in its order recited:

"That while the defendant above named has not had the ability to make ample provision for the support and maintenance of the plaintiff, and the minor child of plaintiff and defendant, plaintiff has failed to show a purpose on defendant's part to disregard his duty in supporting them to the best of his ability."

It was evidently the opinion of the trial court that, under the statute making the neglect or refusal of the husband to make suitable provision for his family a ground for divorce, such neglect or refusal must be willful, and the burden to so show rests upon the wife when she seeks a divorce upon that ground. In this view we think the trial court was entirely right, and a careful reading of the evidence discloses nothing tending to prove willful neglect or refusal upon the part of the husband in this case. Should we concede that the wife has shown that the husband is more or less incompetent, and that he has at times exercised bad judgment, still the record as a whole conclusively establishes that he has had no willful purpose or intent to deprive his wife and child of that which they needed for their sustenance and comfort. In fact, it conclusively appears from the testimony as a whole that the respondent was at all times willing to provide, and did provide, so far as his limitations already referred to permitted.

The judgment of the trial court is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.