[No. 24454. *En Banc.* October 17, 1933.]

MARTHA CAREY, *Appellant,* v. ROGER CAREY, *Respondent.*[1]

*G. E. Lovell,* for appellant.

MITCHELL, J.—Martha Carey and Roger Carey, the parties to this action, were married while students at the university. She was twenty-one years of age. They lived together less than two days, and separated; she going to live with her people, and he with his. She continued to go to school. She brought this action for divorce less than one year after the marriage, upon the complaint "that he was unable to make suitable

[1]Reported in 25 P. (2d) 973.

provision for the support of his wife, and has never at any time made any provision for her support." He defaulted in the action. She alone testified at the trial. The action was dismissed for failure of proof. She has appealed.

The testimony further shows that the allegation in the complaint, that the husband "was unable to make suitable provision for the support of his wife," was quite true.

In *Metzger v. Metzger*, 118 Wash. 479, 203 Pac. 936, which was a suit by a wife for a divorce, we approved the holding of the trial court that,

". . . under the statute making the neglect or refusal of the husband to make suitable provision for his family a ground for divorce, such neglect or refusal must be willful, and the burden to so show rests upon the wife when she seeks a divorce upon that ground."

Mrs. Carey testified that she had known him for two years and was acquainted with his people; that he had no job; that, upon being married, they stayed at a hotel in Spokane a short time, which was less than two days, and decided that he could not then support her; that they had planned on getting an apartment or some place in Spokane in which to live, but that he did not then have the money to do so; that he thought she would live with her uncle until he got a job and then they would get an apartment, but that he did not get a job; that he did not go back to school, but was still looking for work, which he could not find.

This proof does not respond to the rule of the *Metzger* case, nor the statute which provides for divorce in favor of "the party injured."

Judgment affirmed.

MAIN, TOLMAN, MILLARD, STEINERT, and BLAKE, JJ., concur.

HOLCOMB, J. (dissenting)—In my opinion, the statute and the facts in this case warrant a divorce and that it should be granted.

BEALS, C. J., and GERAGHTY, J., concur with HOLCOMB, J.